1   Mark I. Wraight (State Bar No. 282303)
    mark.wraight@stinson.com
2   Erik W. Kemp (State Bar No. 246196)
    erik.kemp@stinson.com
3   STINSON LLP
    595 Market Street, Suite 2600
4   San Francisco, California 94105
    Telephone:   415.398.3344
5   Facsimile:   415.956.0439

6   Attorneys for Defendant
    KRADLE LLC

7

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11  NICOLE GUIDOTTI, individually and on     Case No. 3:25-cv-10916-VC
    behalf of all others similarly situated,
12                                            **DEFENDANT KRADLE LLC'S NOTICE OF**
                  Plaintiff,                  **MOTION AND MOTION TO DISMISS;**
13                                            **MEMORANDUM OF POINTS AND**
            v.                                **AUTHORITIES**
14
    KRADLE LLC                                Date:     April 16, 2026
15                                            Time:     10:00 a.m.
                  Defendant.                  Ctrm.:    4
16                                            Judge:    Hon. Vince Chhabria

17                                            Action Filed:    December 23, 2025

18

19

20

21

22

23

24

25

26

27

28

---

1  TO THE ABOVE-ENTITLED COURT AND ALL COUNSEL OF RECORD:

2         PLEASE TAKE NOTICE that on April 16, 2026 at 10:00 a.m., or as soon thereafter as the

3  matter may be heard in Courtroom 4 of the United States District Court for the Northern District

4  of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant

5  Kradle LLC ("Defendant" or "Kradle") will and hereby does move to dismiss Plaintiff Nicole

6  Guidotti's ("Plaintiff") Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) for

7  failure to state a claim upon which relief can be granted.

8         As demonstrated in the accompanying Memorandum of Points and Authorities, Plaintiff

9  fails to state a claim on any of the substantive counts set forth in the Complaint. Plaintiff also does

10 not have standing to seek injunctive relief and has not demonstrated that she lacks a legal remedy

11 to entitle her to the equitable relief sought.

12        This Motion is based on this Notice of Motion and Motion, the attached Memorandum of

13 Points and Authorities, the Complaint (ECF No. 1), and such other and additional evidence and

14 argument as may be properly presented in support of the Motion.

15        Accordingly, Defendant respectfully requests this Court to dismiss Plaintiff's Complaint

16 with prejudice.

17

18 Dated:  March 2, 2026                    STINSON LLP

19

20                                   By:    _____
                                              */s/ Mark I. Wraight*
                                            Mark I. Wraight
21                                          Erik W. Kemp

22                                    Attorneys for Defendant
                                      KRADLE LLC

23

24

25

26

27

28

DEFENDANT KRADLE LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CORE/3519531.0005/239249341.1

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................1

BACKGROUND...........................................................................................................2

LEGAL STANDARD ...................................................................................................2

ARGUMENT ...............................................................................................................3

I.      EQUITABLE RELIEF IS UNAVAILABLE..................................................3

      A.    Plaintiff Fails to Establish Equitable Jurisdiction ...........................3

      B.    Plaintiff Lacks Article III Standing to Seek Injunctive Relief. ......................4

      C.    Plaintiff's Unjust Enrichment Claim Fails for the Same Reasons. .................5

II.    PLAINTIFF'S OWN ALLEGATIONS AND CONCLUSORY
PLEADING FAIL TO STATE ANY PLAUSIBLE THEORY OF
DECEPTIVE SUBSCRIPTION ENROLLMENT .....................................................6

      A.    The Complaint Fails to Plead Concrete Facts Showing How
Plaintiff Was Deceived. ..................................................6

      B.    Plaintiff's Complaint Shows Recurring-Subscription Disclosures
During Checkout. .............................................6

      C.    The Complaint's Cancellation Allegations Further Undermine Any
Plausible Theory of Non-Consent. ..................................8

      D.    The Complaint Fails to Explain How Any Disclosure Was False or
Misleading. ......................................................8

      E.    The Complaint Omits Critical Context Concerning the Enrollment
Flow.............................................................9

III.   BECAUSE PLAINTIFF FAILS TO PLAUSIBLY ALLEGE PREDICATE
DECEPTIVE CONDUCT, THE UCL, FAL, AND CLRA CLAIMS FAIL .............10

      A.    The UCL Claim Fails Under All Three Prongs. ...........................10

      B.    The FAL Claim Fails Because the Complaint Does Not Plausibly
Allege Any False or Misleading Representation. ..........................11

      C.    The CLRA Claim Fails Because the Complaint Does Not Identify
Any Actionable Misrepresentation or Omission............................11

      D.    Because All Statutory Claims Depend on the Same Deficient
Predicate Theory, Dismissal of Counts I–III Is Required. ............................11

      E.    The Section 17603 "Unconditional Gift" Remedy Is Unavailable. ...............12

ii

IV.     PLAINTIFF'S FRAUD-BASED THEORIES FAIL TO SATISFY
        RULE 9(b)..............................................................................................................12

        A.     The Complaint Fails to Plead the Required Particularity...............................13

        B.     The Complaint Does Not Plead the "How" of the Alleged Fraud. ................13

        C.     Plaintiff's Complaint Further Undermine Any Particularized Fraud
               Theory. ...........................................................................................................13

        D.     The Common-Law Misrepresentation Claims Independently Fail
               Under Rule 9(b)...............................................................................................14

        E.     Because the Complaint Relies on a Single Undifferentiated Theory
               of Fraud, Dismissal Under Rule 9(b) Is Required..........................................14

CONCLUSION ..............................................................................................................14

DEFENDANT KRADLE LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CORE/3519531.0005/239249341.1

1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

2

**Cases**

3

*Ashcroft v. Iqbal*

4

556 U.S. 662 (2009) ............................................................................................. 3, 7

5

*Becerra v. Dr Pepper/Seven Up, Inc.*
945 F.3d 1225 (9th Cir. 2019).................................................................................. 12

6

*Bell Atl. Corp. v. Twombly*

7

550 U.S. 544 (2007) .................................................................................................. 3

8

*Blue Wing Airlines Fin. v. Unical Aviation, Inc. & Platinum Equity*

9

2023 WL 3149276 (C.D. Cal. Mar. 8, 2023) ........................................................... 6

10

*Cooper v. Pickett*
137 F.3d 616 (9th Cir. 1997).................................................................................... 4

11

*Durell v. Sharp Healthcare*

12

183 Cal. App. 4th 1350 (2010) ........................................................................... 6, 11

13

*Guzman v. Polaris Indus. Inc.*
49 F.4th 1308 (9th Cir. 2022)................................................................................... 5

14

*Hadley v. Kellogg Sales Co.*

15

273 F. Supp. 3d 1052 (N.D. Cal. 2017) ................................................................. 12

16

*Hall v. Time, Inc.*

17

2020 WL 2303088 (C.D. Cal. Mar. 13, 2020) ...................................................... 8, 9

18

*Kearns v. Ford Motor Co.*

19

567 F.3d 1120 (9th Cir. 2009)......................................................... 4, 11, 12, 13, 14, 15

20

*May v. Google LLC*
2024 WL 4681604 (N.D. Cal. Nov. 4, 2024)........................................................... 5

21

*Melendres v. Arpaio*

22

695 F.3d 990 (9th Cir. 2012) ................................................................................... 6

23

*Millar v. Express Techs. Ltd.*
2025 WL 4061252 (C.D. Cal. Nov. 25, 2025) ........................................................ 5

24

25

*Rutter v. Apple Inc.*
2022 WL 1443336 (N.D. Cal. May 6, 2022) ..................................................... 14, 15

26

*Safe Air for Everyone v. Meyer*

27

373 F.3d 1035 (9th Cir. 2004)................................................................................... 4

28

*Solberg v. Victim Services, Inc.*
2018 WL 6567072 (N.D. Cal. Dec. 12, 2018) ........................................................ 6

iv

*Sonner v. Premier Nutrition Corp.*
    971 F.3d 834 (9th Cir. 2020) ................................................................................... 5, 6

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001) ......................................................................... 3, 4, 7, 11

*Turnier v. Bed Bath & Beyond Inc.*
    517 F. Supp. 3d 1132 (S.D. Cal. 2021) ...................................................................... 10

*Vess v. Ciba-Geigy Corp. USA*
    317 F.3d 1097 (9th Cir. 2003) ....................................................................................... 4

*Viveros v. Audible, Inc.*
    2023 WL 6960281 (W.D. Wash. Oct. 20, 2023) ........................................ 7, 9, 14, 15, 16

*Watkins v. MGA Ent., Inc.*
    550 F. Supp. 3d 815 (N.D. Cal. 2021) ......................................................................... 5

*Williams v. Gerber Prods. Co.*
    552 F.3d 934 (9th Cir. 2008) ....................................................................................... 12

**Statutes**

Automatic Renewal Law ..................................................................................... 7, 11

Cal. Bus. & Prof. Code § 17602(a)(1) .................................................................... 8

Cal. Bus. & Prof. Code § 17602(c) ......................................................................... 9

Cal. Bus. & Prof. Code § 17603 ............................................................................ 13

Consumer Legal Remedies Act .......................................... 2, 4, 10, 11, 12, 13, 14, 16

Unfair Competition Law ............................................... 2, 4, 5, 6, 10, 11, 12, 13, 14, 16

**Other Authorities**

Federal Rules of Civil Procedure 9(b) ............................................ 2, 4, 13, 14, 15, 16

Federal Rules of Civil Procedure 12(b)(6) ......................................................... 1, 3

Rule 8 .............................................................................................. 7, 12, 13

Rule 9(b) ......................................................................................... 12, 13, 15

Rule 12(b)(1) ............................................................................................... 4

1

### <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2  This case turns on a straightforward pleading defect. Plaintiff's claims depend on the

3 allegation that she was unknowingly enrolled in a recurring subscription, yet the Complaint does

4 not plausibly allege how any enrollment was deceptive and instead relies on conclusory assertions

5 that are undermined by the screenshots of Kradle's website included in the Complaint.

6  Plaintiff brings this putative class action arising out of an alleged online "automatic

7 renewal" subscription for pet products purchased from Kradle's website. The Complaint asserts

8 six causes of action: false advertising (FAL), the Consumer Legal Remedies Act (CLRA), the

9 Unfair Competition Law (UCL), negligent misrepresentation, intentional misrepresentation, and

10 unjust enrichment.

11  Each claim depends on the same underlying premise — that Kradle's online purchase

12 process failed to provide legally sufficient disclosures or obtain legally sufficient consent for an

13 automatically renewing subscription. But the Complaint does not plausibly plead that predicate

14 theory. Instead, it offers conclusory allegations while omitting key factual allegations necessary to

15 explain how Plaintiff was misled or how the enrollment process violated California law. Because

16 the alleged predicate misconduct is not adequately pleaded, the statutory claims fail as a matter of

17 law.

18  The equitable theories fail for an independent reason. Plaintiff seeks restitution and

19 injunctive relief while simultaneously pursuing damages for the same alleged monetary injury,

20 without plausibly alleging that legal remedies are inadequate. Controlling Ninth Circuit authority

21 forecloses equitable jurisdiction on those allegations.

22  The tort-based misrepresentation claims fail as well. Because those claims sound in fraud,

23 they must satisfy Federal Rule of Civil Procedure 9(b). The Complaint does not identify the

24 specific statements Plaintiff encountered, when she encountered them, or why they were false, and

25 instead relies on generalized assertions insufficient under federal pleading standards.

26  Because Plaintiff's claims all rise or fall on a single alleged theory of deceptive enrollment

27 — and because that theory is contradicted or left unexplained by the screenshots included in the

28 Complaint — dismissal of the Complaint in its entirety is appropriate.

# BACKGROUND

Plaintiff alleges that she purchased pet products through Kradle's website in September 2025 and, in connection with that purchase, was enrolled in what the Complaint describes as a "Kradle Subscription." Compl. ¶ 9. The Complaint alleges that recurring charges followed and that Plaintiff later canceled the subscription. *Id*.

The Complaint relies on screenshots that purportedly depict portions of the online checkout process. Compl. ¶ 39. Those screenshots display order summaries showing a "Recurring subtotal," recurring delivery intervals (e.g., "every 6 weeks"), and statements that continuing payment constitutes agreement to future recurring charges until cancellation and the applicable cancellation policy. *Id*. These indicators appear within the order-summary portion of the checkout interface, which the Complaint itself depicts as accessible during the payment flow, reinforcing that notice of recurring terms was cumulative rather than confined to a single disclosure. *Id*.

Plaintiff nonetheless alleges that she did not knowingly consent to an automatically renewing subscription and contends that Kradle's disclosures and checkout presentation violated California law governing automatic renewal and consumer disclosures. Plaintiff seeks damages and equitable remedies, including restitution and injunctive relief. Plaintiff brings this action on behalf of herself and a putative class of consumers who allegedly purchased products through Kradle's website and were enrolled in subscription arrangements.

# LEGAL STANDARD

A complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While the Court accepts well-pleaded factual allegations as true, it is not required to accept conclusory allegations, legal conclusions cast as factual assertions, or unreasonable inferences. *Iqbal*, 556 U.S. at 678. In evaluating a Rule 12(b)(6) motion, the Court may consider not only the allegations of the complaint but also documents incorporated by reference and materials on which the complaint relies. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Where allegations conflict with exhibits on which the complaint relies, the exhibits control. *Id*.

1  A challenge to Article III standing or other jurisdictional prerequisites may be brought

2  under Rule 12(b)(1). A Rule 12(b)(1) challenge may be facial or factual; where, as here, the

3  challenge is facial, the Court accepts the complaint's allegations as true and determines whether

4  they are sufficient to invoke federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035,

5  1039 (9th Cir. 2004).

6  Claims sounding in fraud must satisfy Federal Rule of Civil Procedure 9(b), which requires

7  a plaintiff to state with particularity the circumstances constituting the alleged misconduct. *Vess v.*

8  *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003). This heightened standard applies

9  not only to common-law fraud claims but also to statutory claims under the UCL, FAL, and

10  CLRA when they are grounded in allegations of deceptive or fraudulent conduct. *Kearns v. Ford*

11  *Motor Co.*, 567 F.3d 1120, 1125–26 (9th Cir. 2009). To satisfy Rule 9(b), a plaintiff must plead

12  the "who, what, when, where, and how" of the alleged misconduct. *Cooper v. Pickett*, 137 F.3d

13  616, 627 (9th Cir. 1997). Conclusory allegations that a defendant engaged in deceptive conduct

14  are insufficient.

15  <u>**ARGUMENT**</u>

16  **I.**

17  **EQUITABLE RELIEF IS UNAVAILABLE**

18  Plaintiff seeks equitable remedies including restitution and injunctive relief under

19  California consumer-protection statutes. But equitable relief is unavailable for two independent

20  reasons. First, the Complaint does not plausibly allege that legal remedies are inadequate, as

21  required to invoke equitable jurisdiction in federal court. Second, the Complaint does not allege a

22  sufficient likelihood of future harm to support Article III standing for injunctive relief. Each defect

23  independently requires dismissal of Plaintiff's requests for equitable relief.

24  **A.  Plaintiff Fails to Establish Equitable Jurisdiction**

25  A plaintiff seeking equitable relief in federal court must plausibly allege that legal

26  remedies are inadequate. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 841–44 (9th Cir.

27  2020). This requirement applies even when a plaintiff brings claims under California consumer-

28  protection statutes that authorize equitable remedies. *Id*. at 844. Accordingly, a plaintiff may not

3

DEFENDANT KRADLE LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CORE/3519531.0005/239249341.1

pursue equitable relief where damages provide an adequate remedy at law. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311–15 (9th Cir. 2022).

UCL and FAL claims are frequently dismissed at the pleading stage where plaintiffs seek the same monetary relief available through damages claims. *See Millar v. Express Techs. Ltd.*, No. 8:25-CV-01273-FWS-DFM, 2025 WL 4061252, at *4 (C.D. Cal. Nov. 25, 2025) (dismissing UCL and FAL claims without leave to amend because plaintiff could not allege any new facts that would suffice to show why money damages cannot make them whole); *May v. Google LLC*, No. 24-CV-01314-BLF, 2024 WL 4681604, at *9 (N.D. Cal. Nov. 4, 2024) ("Courts in this District generally require plaintiffs seeking equitable relief under UCL to allege some facts suggesting the lack of an adequate remedy at law."); *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 837 (N.D. Cal. 2021) (citing cases).

That is the circumstance here. Plaintiff alleges that she paid money for a subscription she purportedly did not knowingly authorize. The alleged injury is economic — the payment of money — and Plaintiff simultaneously seeks damages under legal causes of action that, if proven, would compensate that same loss. The Complaint offers no factual allegation explaining why damages would be unavailable or insufficient.

Instead, Plaintiff pleads legal and equitable remedies in parallel based on the same asserted monetary injury. But *Sonner* makes clear that duplicative pleading does not satisfy the requirement that equitable relief be necessary. A plaintiff must allege facts showing that legal remedies cannot make her whole; conclusory assertions or parallel requests for relief are not enough. Nor may a plaintiff circumvent *Sonner* through alternative pleading of legal and equitable remedies. *Guzman*, 49 F.4th at 1313–15.

Because the Complaint does not plausibly allege that legal remedies are inadequate, Plaintiff fails to establish equitable jurisdiction. The claims for equitable relief — including restitution and injunctive relief under the UCL and FAL — should therefore be dismissed.

**B. Plaintiff Lacks Article III Standing to Seek Injunctive Relief.**

Independent of *Sonner*, Plaintiff lacks Article III standing to pursue injunctive relief because the Complaint does not plausibly allege a future injury that is sufficiently likely to recur.

DEFENDANT KRADLE LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

To seek prospective injunctive relief, a plaintiff must plausibly allege a real and immediate threat of future harm, not merely past injury. *Melendres v. Arpaio*, 695 F.3d 990, 997 (9th Cir. 2012). Allegations of a single past transaction, without a plausible likelihood of recurrence, are insufficient to establish Article III standing.

Here, Plaintiff alleges only past economic injury arising from a subscription purchase. The Complaint further alleges that Plaintiff accessed her account and cancelled the subscription, confirming her awareness of the challenged practice. Compl. ¶ 9. The pleading does not allege that Plaintiff intends to purchase from Kradle again or that she faces a realistic risk of being misled in the future. Courts routinely dismiss requests for injunctive relief where the alleged injury is not sufficiently likely to recur. *See, e.g.*, *Solberg v. Victim Services, Inc.*, No. 14-CV-05266-VC, 2018 WL 6567072, at *2 (N.D. Cal. Dec. 12, 2018).  Because Plaintiff alleges only past conduct and no ongoing or imminent harm, her request for injunctive relief must be dismissed.

**C.  Plaintiff's Unjust Enrichment Claim Fails for the Same Reasons.**

The same equitable-jurisdiction defect independently bars Plaintiff's unjust enrichment claim. Unjust enrichment is a restitutionary theory sounding in equity and therefore unavailable where an adequate legal remedy exists. Here, Plaintiff seeks monetary damages for the same alleged economic injury and does not plausibly allege that legal remedies are inadequate. Accordingly, the unjust enrichment claim cannot proceed. *See Sonner*, 971 F.3d at 844.

Even aside from *Sonner*, the claim fails for independent reasons. California law does not recognize unjust enrichment as a standalone cause of action distinct from a restitutionary remedy,[1] and in any event Plaintiff's unjust enrichment allegations are entirely derivative of the same alleged deceptive subscription-enrollment theory underlying the statutory and fraud-based claims. Where the underlying misconduct is not plausibly alleged, a duplicative unjust enrichment theory fails.

---

[1] *Blue Wing Airlines Fin. v. Unical Aviation, Inc. & Platinum Equity*, No. 822CV02052JVSADSX, 2023 WL 3149276, at *2  n. 2 (C.D. Cal. Mar. 8, 2023); *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010).

## II.

## PLAINTIFF'S OWN ALLEGATIONS AND CONCLUSORY PLEADING FAIL TO STATE ANY PLAUSIBLE THEORY OF DECEPTIVE SUBSCRIPTION ENROLLMENT

Plaintiff's statutory and fraud-based claims rise or fall on a single predicate premise: that Kradle enrolled her in an automatically renewing subscription without adequate disclosure or meaningful consent. But the Complaint does not plausibly allege that theory. Instead, Plaintiff relies on generalized assertions that she did not knowingly agree to recurring charges while attaching screenshots that depict recurring subscription terms presented during the checkout process. Conclusory assertions are not enough. A complaint must include factual allegations showing how the challenged transaction was deceptive or misleading. *Iqbal*, 556 U.S. at 678. Where, as here, the plaintiff relies on screenshots and transaction materials incorporated into the complaint, those materials govern the plausibility analysis. Sprewell, 266 F.3d at 988.

### A. The Complaint Fails to Plead Concrete Facts Showing How Plaintiff Was Deceived.

The Complaint does not allege what specific selections Plaintiff made during the purchase process, what information she viewed immediately before completing checkout, or what disclosure was supposedly absent at the point of enrollment. Compl. ¶ 9. Nor does it explain how the checkout flow prevented her from understanding that recurring charges would occur. *Id*. Instead, Plaintiff simply asserts that she did not knowingly consent to a subscription and that disclosures were inadequate. *Id*. Those allegations are precisely the type of "labels and conclusions" that fail under Rule 8. *See Iqbal*, 556 U.S. at 678. Courts applying the Automatic Renewal Law routinely dismiss complaints that rely on generalized allegations of lack of consent without describing how the enrollment process itself was deceptive. *See, e.g.*, *Viveros v. Audible, Inc.*, No. C23-0925JLR, 2023 WL 6960281, at *7–9 (W.D. Wash. Oct. 20, 2023).

### B. Plaintiff's Complaint Shows Recurring-Subscription Disclosures During Checkout.

The Complaint includes screenshots that Plaintiff alleges reflect the checkout process she encountered. Compl. ¶ 39. Those screenshots display order summaries showing a "Recurring subtotal," recurring delivery intervals (for example, "every 6 weeks"), and statements explaining that continuing payment constitutes agreement to future recurring charges until cancellation and

DEFENDANT KRADLE LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CORE/3519531.0005/239249341.1

1    the cancellation policy. *Id.*

2          Plaintiff's theory depends on the assertion that she was unknowingly enrolled in a

3    recurring subscription, yet her own pleading depicts recurring-order language presented as part of

4    the transaction she alleges she completed. Compl. ¶ 39. The Complaint does not explain how those

5    disclosures were hidden, contradicted, or otherwise rendered misleading, nor does it reconcile the

6    screenshots included in the complaint with the allegation that recurring terms were absent or

7    concealed.

8          ARL-predicated consumer claims fail where the complaint's own screenshots show

9    recurring-subscription disclosures during checkout. In *Hall v. Time, Inc.*, dismissal was affirmed

10   where the plaintiff's own checkout materials reflected automatic-renewal terms, defeating a

11   plausibly pleaded deception theory. No. SACV 19-01153-CJC(ADSX), 2020 WL 2303088 (C.D.

12   Cal. Mar. 13, 2020), aff'd, 857 F. App'x 385 (9th Cir. 2021). Courts reject conclusory assertions

13   of non-consent where screenshots included in the complaint depict recurring-subscription

14   disclosures.

15         The Complaint effectively assumes that ARL disclosures must remain continuously visible

16   or immediately adjacent to every interface element during checkout. But the statute requires only

17   "visual proximity" to the request for consent — not constant visibility throughout every

18   intermediary step of the checkout process. Cal. Bus. & Prof. Code § 17602(a)(1). As *Hall*

19   confirms, the relevant inquiry is whether disclosures are presented in a manner a reasonable

20   consumer would notice before providing consent. 857 F. App'x at 386. Plaintiff's pleading depicts

21   recurring-charge language and the corresponding cancellation policy in proximity to the payment

22   mechanism used to complete the transaction, and the Complaint does not allege that those

23   disclosures were absent, hidden, or rendered unreadable. Compl. ¶ 39. A plaintiff's failure to

24   notice or read a disclosed term does not render the disclosure inadequate under the ARL. *See*

25   *Viveros*, 2023 WL 6960281, at *7. At minimum, Plaintiff's own materials demonstrate that

26   recurring terms were presented during checkout, rendering implausible the assertion that

27   enrollment occurred through concealment or omission.

28   / / /

DEFENDANT KRADLE LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CORE/3519531.0005/239249341.1

**C.  The Complaint's Cancellation Allegations Further Undermine Any Plausible Theory of Non-Consent.**

Plaintiff's allegations further undermine her theory of deceptive enrollment. The Complaint alleges that Plaintiff accessed the account portal and cancelled her subscription through Kradle's online interface. Compl. ¶ 9. Those allegations sit uneasily with the assertion that the cancellation process was "exceedingly difficult and unnecessarily confusing." *Id.*, ¶ 5. Plaintiff's ability to navigate the process weighs against a plausible inference that Kradle failed to provide a "cost-effective, timely, and easy-to-use mechanism for cancellation." Cal. Bus. & Prof. Code § 17602(c).

Courts evaluating ARL claims routinely consider a plaintiff's own alleged conduct — including post-purchase management of subscriptions — when assessing plausibility at the pleading stage. Where a complaint reflects consumer interaction with recurring-subscription features while offering only conclusory assertions of non-consent, dismissal is appropriate. *See, e.g.*, *Hall v. Time, Inc.*. Likewise, courts have found cancellation-based allegations insufficient where plaintiffs successfully cancelled but could not plausibly tie any injury to the alleged cancellation mechanism. *See Viveros*, 2023 WL 6960281, at *6.

The issue is not whether cancellation itself proves consent, but whether the Complaint plausibly alleges deception despite Plaintiff's own allegations showing engagement with the subscription process. Here, the Complaint alleges both that Plaintiff was unaware of recurring enrollment and yet that she successfully navigated the subscription-management interface to cancel. Those allegations sit in tension, rather than supporting a plausible inference of deception.

**D.  The Complaint Fails to Explain How Any Disclosure Was False or Misleading.**

Even aside from the screenshots, the Complaint does not articulate a coherent theory explaining how deception occurred. It does not allege that recurring terms were absent, that conflicting terms were displayed, or that Plaintiff was prevented from reviewing relevant information. Instead, the pleading asks the Court to infer deception solely from Plaintiff's subjective assertion that she later realized she had entered a subscription.

That is insufficient as a matter of pleading. Courts dismiss ARL-based UCL and CLRA

claims where plaintiffs fail to identify what representation was misleading or how the disclosed terms violated the statute. *See Turnier v. Bed Bath & Beyond Inc.*, 517 F. Supp. 3d 1132 (S.D. Cal. 2021). Because the Complaint offers only conclusory characterizations of deception — without factual allegations explaining how the transaction itself misled Plaintiff — it fails to plausibly plead the predicate misconduct necessary to sustain any of Plaintiff's statutory or fraud-based causes of action.

**E.  The Complaint Omits Critical Context Concerning the Enrollment Flow.**

By isolating checkout screenshots, while omitting the product-selection step that necessarily precedes checkout, Plaintiff describes only part of the alleged transaction. Compl. ¶ 39. Plaintiff's theory focuses narrowly on screenshots purporting to depict portions of the checkout process, but the Complaint does not allege what occurred immediately before checkout — namely, how Plaintiff arrived at that page or what purchase options were presented during product selection. By presenting only isolated portions of the transaction, the Complaint asks the Court to evaluate the enrollment process without the full context in which the alleged subscription was formed.

This omission is material. Plaintiff's claims depend on the assertion that she was enrolled in a recurring subscription without meaningful awareness or consent, yet the Complaint does not allege what options she selected before reaching the checkout screens she attaches. Nor does it allege what disclosures were presented at that earlier stage or how the process allegedly prevented a one-time purchase. Without those allegations, the pleading does not explain how the alleged deception actually occurred.

At the pleading stage, a plaintiff cannot state a plausible deception theory by selectively presenting only portions of a challenged process while omitting allegations necessary to describe the transaction as a whole. *See Sprewell*, 266 F.3d at 988 (courts need not accept unreasonable inferences or conclusory allegations). Because the Complaint does not plead the enrollment flow in its entirety, it fails to plausibly allege that Plaintiff was enrolled in a subscription through concealment or omission.

/ / /

DEFENDANT KRADLE LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES

**III.**

**BECAUSE PLAINTIFF FAILS TO PLAUSIBLY ALLEGE PREDICATE DECEPTIVE CONDUCT, THE UCL, FAL, AND CLRA CLAIMS FAIL**

Plaintiff's claims under the UCL, FAL, and CLRA all depend on the same predicate theory: that Kradle employed deceptive or unlawful practices in enrolling consumers into recurring subscriptions. As explained above, the Complaint does not plausibly allege that predicate misconduct. Because each statutory claim is expressly premised on allegedly deceptive subscription enrollment practices, all depend on the plausibility of that single theory. Where the underlying deceptive conduct is not plausibly pleaded, parallel statutory claims fail as a matter of law. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125–27 (9th Cir. 2009).

**A.    The UCL Claim Fails Under All Three Prongs.**

To proceed under any UCL prong, a plaintiff must plausibly allege actionable misconduct. Where the complaint fails to allege such misconduct, dismissal under all three prongs is appropriate.

First, the unlawful prong fails because Plaintiff does not plausibly allege a violation of the Automatic Renewal Law or any other predicate statute. Conclusory assertions that disclosures were inadequate, unsupported by factual allegations explaining how the enrollment process violated statutory requirements, are insufficient. Where a plaintiff fails to plead a viable underlying statutory violation, the UCL unlawful-prong claim necessarily fails. *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1361–63 (Cal. Ct. App. 2010).

Second, the fraudulent prong fails because Plaintiff does not plausibly allege that members of the public are likely to be deceived. The Complaint relies on generalized allegations of non-consent while including screenshots of Kradle's website reflecting recurring-order terms and disclosures. For the same reasons the predicate deception theory fails under Rule 8 and Rule 9(b), the UCL fraudulent-prong theory fails as well. *See Kearns*, 567 F.3d at 1125–26.

Third, the unfair prong fails because the Complaint identifies no conduct separate from the same allegedly deceptive subscription-enrollment theory. Plaintiff does not allege any independent public-policy harm or practice distinct from the alleged enrollment process. Courts routinely

DEFENDANT KRADLE LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CORE/3519531.0005/239249341.1

dismiss unfair-prong claims that simply repackage deficient fraud allegations without identifying independent misconduct. *See Hadley v. Kellogg Sales Co.*, 273 F. Supp. 3d 1052, 1099 (N.D. Cal. 2017).

Accordingly, the UCL claim should be dismissed.

**B. The FAL Claim Fails Because the Complaint Does Not Plausibly Allege Any False or Misleading Representation.**

The FAL prohibits advertising that is likely to deceive a reasonable consumer. Plaintiff does not identify any specific statement that was false or misleading when made. Instead, the Complaint relies on conclusory assertions that subscription enrollment was deceptive notwithstanding the recurring-order language reflected in Plaintiff's own screenshots. Because the Complaint does not plausibly allege advertising likely to deceive a reasonable consumer, the FAL claim fails. *See Becerra v. Dr Pepper/Seven Up, Inc.*, 945 F.3d 1225, 1228–29 (9th Cir. 2019).

**C. The CLRA Claim Fails Because the Complaint Does Not Identify Any Actionable Misrepresentation or Omission.**

The CLRA requires a plausible showing that the defendant made a material misrepresentation or omission likely to deceive a reasonable consumer. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Here, the Complaint does not identify any specific statement that was false, any disclosure that contradicted other terms, or any material information that was unavailable to Plaintiff during the transaction. As discussed above, the Complaint rests on conclusory allegations of non-consent rather than factual allegations showing how the transaction was misleading. Because the Complaint fails to plead a plausible deceptive practice, the CLRA claim must be dismissed.

**D. Because All Statutory Claims Depend on the Same Deficient Predicate Theory, Dismissal of Counts I–III Is Required.**

Each statutory cause of action rises or falls with the same alleged subscription-enrollment theory. Once that theory is stripped of conclusory allegations and evaluated against the Complaint's own screenshots, no plausible claim remains. The UCL, FAL, and CLRA claims should therefore be dismissed.

**E.  The Section 17603 "Unconditional Gift" Remedy Is Unavailable.**

To the extent Plaintiff seeks relief under Section 17603's "unconditional gift" provision, that remedy is likewise unavailable. Section 17603 provides that goods or services furnished under an automatic renewal agreement are deemed an unconditional gift only if the business "fails to comply" with Section 17602's consent and disclosure requirements. Cal. Bus. & Prof. Code § 17603. Because Plaintiff has not plausibly alleged that Kradle failed to obtain affirmative consent—indeed, her own screenshots depict recurring-charge disclosures and consent language adjacent to the checkout buttons—the statutory predicate for this remedy is absent.

**IV.**

**PLAINTIFF'S FRAUD-BASED THEORIES FAIL TO SATISFY RULE 9(B)**

Even if Plaintiff's statutory theories survived Rule 8's plausibility standard — they do not — the Complaint independently fails because the fraud-based allegations underlying all claims do not satisfy Rule 9(b)'s heightened pleading requirements. Rule 8 addresses plausibility; Rule 9(b) requires particularity. The Complaint satisfies neither.

Claims sounding in fraud, including claims under the UCL, FAL, and CLRA to the extent premised on deception, must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Kearns*, 567 F.3d at 1125 (applying Rule 9(b) to UCL and CLRA claims grounded in fraud). Rule 9(b) requires a plaintiff to plead the "who, what, when, where, and how" of the alleged misconduct and to explain why the challenged statement or omission was false or misleading. *See Rutter v. Apple Inc.*, No, 21-CV-04077-HSG, 2022 WL 1443336, at *2 (N.D. Cal. May 6, 2022).

Here, the Complaint does not distinguish among alleged misrepresentations, omissions, or statutory violations, but instead advances a single generalized theory of deceptive subscription enrollment. Where a complaint alleges a unified course of deceptive conduct, Rule 9(b) applies to statutory consumer claims as well as common-law fraud claims. *Kearns*, 567 F.3d at 1125. By isolating checkout screenshots while omitting the product-selection step that necessarily precedes checkout, Plaintiff pleads only part of the alleged transaction. Rule 9(b) does not permit a plaintiff to rely on selectively framed allegations while omitting the full circumstances necessary to

12

evaluate how the alleged deception occurred.

**A. The Complaint Fails to Plead the Required Particularity.**

  The Complaint does not identify what specific representations Plaintiff encountered at the point of subscription enrollment, what selections she allegedly made, or how any disclosure presented during checkout was misleading. Instead, it relies on generalized allegations that Plaintiff did not knowingly agree to recurring charges. Courts applying Rule 9(b) to ARL-predicated claims have dismissed complaints that fail to articulate how the enrollment process was deceptive. In *Viveros v. Audible*, for example, the court dismissed UCL and CLRA claims where plaintiffs failed to plead with particularity how subscription-enrollment disclosures violated the ARL or misled consumers. 2023 WL 6960281, at *7. The same deficiency exists here.

**B. The Complaint Does Not Plead the "How" of the Alleged Fraud.**

  Rule 9(b) requires more than the assertion that a plaintiff later discovered recurring charges. A complaint must explain how the enrollment process itself allegedly misled the consumer. Here, the Complaint does not explain how Plaintiff was deceived given that her own screenshots depict recurring-charge disclosures during checkout. Compl. ¶ 39. The pleading does not allege that those disclosures were hidden, contradicted, or rendered unreadable, nor does it identify any aspect of the checkout layout that prevented review or understanding of the recurring terms.

  Absent such allegations, the Complaint fails to explain how a checkout process displaying recurring-charge language nonetheless resulted in "unknowing" enrollment. Courts regularly dismiss fraud-based subscription claims where plaintiffs fail to connect their allegations to concrete signup mechanics explaining how deception occurred. *See Viveros*, 2023 WL 6960281, at *7.

**C. Plaintiff's Complaint Further Undermine Any Particularized Fraud Theory.**

  Plaintiff's screenshots reflect recurring-order language and delivery intervals. Compl. ¶ 39. Yet the Complaint does not explain with the particularity Rule 9(b) demands how those disclosures were misleading or incomplete. Rule 9(b) requires more than a subjective assertion of confusion; it requires a coherent, fact-specific explanation of deception. *See Rutter*, 2022 WL

CORE/3519531.0005/239249341.1

1  1443336, at *2.

2  **D. The Common-Law Misrepresentation Claims Independently Fail Under Rule 9(b).**

3       Plaintiff's negligent misrepresentation and intentional misrepresentation claims are subject

4  to Rule 9(b)'s heightened pleading requirements because they arise from the same alleged course

5  of deceptive conduct underlying the statutory claims. *See Kearns*, 567 F.3d at 1125. Yet the

6  Complaint does not identify any specific statement made by Kradle that was false when made,

7  who made the statement, when it was communicated, or where in the transaction the alleged

8  misrepresentation occurred. Nor does the Complaint plead facts showing how any statement was

9  untrue at the time of purchase. Instead, these claims merely restate the generalized assertion that

10 Plaintiff did not realize she had enrolled in a subscription. Because the Complaint alleges only a

11 generalized theory of deception without particularized supporting facts, the negligent and

12 intentional misrepresentation claims must be dismissed.

13 **E. Because the Complaint Relies on a Single Undifferentiated Theory of Fraud, Dismissal**

14 **Under Rule 9(b) Is Required.**

15      Rule 9(b) prevents plaintiffs from proceeding on broad accusations of fraud untethered to

16 specific factual allegations. Here, every cause of action depends on the same undifferentiated

17 premise that Plaintiff was unknowingly enrolled in a recurring subscription, yet the Complaint

18 does not plead the concrete facts required to explain how the transaction allegedly misled her.

19 Courts routinely dismiss fraud-based subscription claims where plaintiffs rely on conclusory

20 assertions rather than detailed allegations describing what was seen, what was said, and why it was

21 deceptive. *See, e.g.*, *Viveros*, 2023 WL 6960281, at *7–9.

22      Because Plaintiff advances a single fraud theory without the particularized factual detail

23 required by Rule 9(b), all fraud-based claims — including the UCL, FAL, and CLRA claims

24 insofar as they sound in fraud, together with the negligent and intentional misrepresentation claims

25 — should be dismissed.

26                                  **<u>CONCLUSION</u>**

27      For the foregoing reasons, Defendant respectfully requests that the Court dismiss the

28 Complaint in its entirety, with prejudice, or at minimum without leave absent new facts curing the

---

                                    14

1    deficiencies identified above. Because the dispositive deficiencies arise from Plaintiff's own

2    allegations and screenshots, amendment would be futile. Defendant further reserves all rights to

3    enforce the arbitration agreement and related contractual defenses at the appropriate stage.

4

5    Dated:  March 2, 2026                                    STINSON LLP

6
                                                  By:    _____
7                                                            */s/ Mark I. Wraight*
                                                            Mark I. Wraight
8                                                           Erik W. Kemp

9                                                 Attorneys for Defendant
                                                  KRADLE LLC
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT KRADLE LLC'S NOTICE OF MOTION AND MOTION
TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES
CORE/3519531.0005/239249341.1